IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

GEORGELLA HALL                                                                                        PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:14-cv-00128-NBB-JMV

GE AVIATION                                                                                         DEFENDANT

**MEMORANDUM OPINION**

Came on to be considered this day the defendant's motion to dismiss. Upon consideration of the motions, responses, and applicable authority, and being fully advised in the premises, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Georgella Hall, brings this action against GE Aviation ("GE") alleging a claim of age discrimination. Ms. Hall applied for a job with GE while in the process of completing her training at the WIN Job Center, a Mississippi employment agency that provides job placement assistance and skill training. However, Ms. Hall was not chosen for the position at GE and believes this decision to be directly related to her age at the time of application. Ms. Hall was fifty-two (52) years old when she applied for the position.

The plaintiff began training at Win Job Center with the intention of completing the necessary steps to obtain an interview and potential job placement with GE. GE required that each applicant complete and pass three separate tests before becoming eligible for hiring.

In May of 2011, the plaintiff finished the first of the three tests; later that year, in October, she completed the second test. After the plaintiff had completed two of the three necessary tests, GE called her for an interview. The Human Resources representative let the plaintiff know that the third test was required before she could be offered a job. The plaintiff

claims that it was at this point the representative of GE informed her that if she completed the third test, a job would be offered to her at GE. The plaintiff states that the representative told her that after she successfully passed her third and final test, to "bring [the tests] back and I will give you a job."

The plaintiff passed the final test four months later on January 20, 2012, and returned her application and completion certificate to the GE offices. The Human Resources representative was unable to meet with the plaintiff, but the office accepted her completed application. GE informed the plaintiff that the company was no longer hiring for the position for which Ms. Hall applied. GE then instructed the plaintiff to return to WIN Job Center for further instruction. The plaintiff did return to WIN Job Center, but the center was unable to provide her with any further instruction.

Later in 2012, GE began hiring for the position for which Ms. Hall applied. GE failed to call her in for an interview. Instead, GE began its hiring process by considering candidates from resumes sent in 2010, in order of their application date. Because the plaintiff did not submit her application until January 2012, her application was not considered and she was not called for an interview.

On December 7, 2012, the plaintiff filed an Equal Employment Opportunity Commission ("EEOC") complaint against both Win Job Center and GE. The EEOC found no evidence of wrongdoing, but issued the plaintiff a Right to Sue letter. The plaintiff subsequently filed a civil complaint against GE and WIN Job Center for employment discrimination, though she later dropped the complaint against WIN Job Center. The plaintiff sues for $600,000 in damages from GE for employment discrimination based on her age.

## Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit," and any facts which would be irrelevant to the potential outcome are immaterial. *Id.* If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(c), (e)).

In reviewing the evidence, this court must draw all reasonable inferences in favor of the nonmoving party and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000). In doing so, the court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151. The plaintiff's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1975 (5th Cir. 1994) (citations omitted).

Analysis

Under the Age Discrimination in Employment Act of 1967 ("ADEA"), it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual . . . because of such individual's age." 29 U.S.C. §623(a)(1). To establish an ADEA claim, a plaintiff must prove by a preponderance of the evidence (either direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision. *Moss v. BMC Software* 610 F.3d 917, 922 (5th Cir. 2010). When a plaintiff relies on circumstantial evidence to prove age discrimination, courts apply the three-part burden-shifting analysis from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonnell Douglas* framework, the plaintiff must first establish a prima facie case by showing that (1) she belongs to a protected class; (2) she applied for and was qualified for a position that was seeking applicants; (3) was rejected; and (4) following that rejection, another applicant not of the protected class was hired. *Dubia v. School Bd. Of Avoyelles Parish* 546 Fed.Appx. 357, 359 (5th Cir. 2013). *Citing Haas v. ADVO Sys., Inc.*, 168 F.3d 732, 733 (5th Cir. 1999).

If the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its decision. *Dubia* 546 Fed. Appx. at 360. If the employer meets that burden of production, the plaintiff, to withstand summary judgment, must show that there is genuine issue of material fact as to whether "the defendant's stated reason for the employment decision was merely a pretext for discrimination." *Id*. Pretext may be shown "either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010). It is at this third stage that the plaintiff must

demonstrate that age was the "but-for" cause that she was not hired. *Dubia* 546 Fed. Appx. at 360.

Defendant GE does not dispute that Hall has met her burden with respect to establishing a prima facie case; however, the plaintiff has not shown any evidence that GE's reason for not calling her back and offering her a position is related to her age.

In accordance with the second step of the *McDonnell Douglas* framework, GE asserts that Ms. Hall was not hired because the HR representative mistakenly forgot to call her for an interview. Because GE has met the burden of producing a legitimate, nondiscriminatory reason for its action, the plaintiff is left with the ultimate burden of proving discrimination. In response to this burden, plaintiff Hall proposes only that it is "laughable" that GE's human resources employees forgot to call her when GE resumed hiring. Plaintiff does not attempt to show GE's proffered justification is false and only promotes conjecture against it. Moreover, the plaintiff does not offer any suggestion that a question of material fact exists within this action. Plaintiff's absence of showing any rebuttal evidence, coupled with the lack of dispute of material fact, leaves this claim only to fail as a matter of law.

GE also has provided evidence that several applicants within the protected age group were hired during the same hiring year for the same position, including six individuals of age 53 or older— the age of the plaintiff at the time of application. This evidence serves to negate the inference that age was a factor in the selection process. Because the plaintiff has not demonstrated pretext and does not proffer evidence that her age was the "but for" causation of the employment decision, the defendant's motion for summary judgment must be granted.

Conclusion

For the forgoing reasons, the court finds that the defendant's motion for summary judgment is well-taken and therefore should be granted. A separate order in accord with this opinion shall issue this day.

This, the 25th day of September, 2015.

*/s/ Neal Biggers*
**NEAL B. BIGGERS, JR.**
**SENIOR U. S. DISTRICT JUDGE**